## SUPREME COURT.

### In the matter of the petition of Daniel Buhler, to vacate assessment for paving the New Bowery, &c.

· " If in the proceedings relative to any assessment or assessments for local improvements in the city of New York, or in the proceedings to collect the same, any fraud or legal irregularity shall be alleged to have been committed, the party aggrieved thereby may apply to a judge of the supreme court, in special term or in vacation, who shall thereupon, upon due notice to the counsel of the corporation of the city in which the lands so assessed are situated, proceed forthwith to hear the proofs and allegations of the parties." *(Laws of* 1858, *ch.* 338, § 1, *p.* 574.)

*Held,* that the intent of the act is to confine it to proceedings by which the assessment was *immediately ordered;* that is, to limit it to the resolution and providing for doing the work to be paid for by the assessment, the laying of the assessment, and the proceedings to collect the same.

Consequently the act does not apply to assessments regularly made for *paving* a street, where a mere irregularity is alleged in the change in the *grade of the street,* by reason of which such paving became necessary; although, *it seems,* it would be otherwise, if it was alleged that the proceeding for the change of grade was void for want of jurisdiction.

The changing of the grade of a street is not necessarily a proceeding relative to the assessment for paving, and after the change of grade has been made without objection, it is too late to allege the whole proceeding to be irregular.

*New York Special Term, November,* 1859.

Ingraham, Justice.    Proceedings in this matter were commenced before me some time since, and the evidence taken therein shows that after the opening of the street the common council ordered the grades to be changed, that in consequence thereof the grades of the adjoining streets had to be altered to correspond therewith, and the assessment here complained of was for this work.    The ground upon which the petitioner rests this application is that the ordinance to change the grades was passed in violation of the provisions of the act of 1852, which prohibited any change of the grades of streets without the consent of two-thirds of the owners of the land fronting thereon.

No fraud or irregularity is alleged to have been committed either in passing the ordinance for the assessment

or in the proceedings to collect the same, and this question is now submitted to me, viz : Whether the want of the written consent of two-thirds of the owners of property to change the grade of the streets is a sufficient cause within the provisions of the act in relation to frauds in assessments for local improvements in New York, passed in 1858, (*Laws of N. Y., p.* 574,) to vacate the assessment for paving the streets after such grade was adopted?

The words of the statute are as follows:

" If, in the proceeding relative to any assessment or assessments for local improvements in the city of New York, or in the proceedings to collect the same, any fraud or legal irregularity shall be alleged to have been committed, the party aggrieved may apply," &c.

The statute applies to two cases :

1. Where the fraud or irregularity is committed in the proceedings relative to the assessment.

2. Where the fraud or irregularity is committed in the proceedings to collect the assessment.

No fraud or irregularity is charged as to the second ground, the collection of the assessment.   The decision of this question, therefore, depends on the construction given to the term, " the proceedings relative to the assessment."

This has heretofore been construed as applying to the laying of the assessment, the passage of the ordinance therefor, and the resolution directing the work to be done for which the assessment was laid.   In all such cases, where fraud or irregularity has been shown, we have in several instances vacated such assessments.

The proceeding now objected to does not come within either of these cases.   The petitioner contends that although it is not within these cases, still that the work would not have been required if the law of 1852 had been complied with in regard to the change of the grades, and that it was therefore irregular to order the pavement to be relaid.

I am of the opinion that the act will not bear such a construction. Although the statute may be considered a remedial one, and is beneficial in its operation in giving the owners of property relief against illegal assessments, which before its passage could only be obtained through the tedious and hazardous process of submitting to a sale for the assessment, and the contesting its legality in an action to recover the possession after such sale had been confirmed, still it is not to be extended by inference beyond the fair interpretation of the words used in defining the cases in which the law may be resorted to.

The proceedings relative to an assessment cannot by any fair interpretation be extended beyond the initiatory proceedings to order the doing of the work for which the assessment is to be made. The changing of the grade in the New Bowery and adjacents streets was not necessarily a proceeding relative to the assessment for paving. No objection appears to have been made thereto. If any party objected to it, ample remedies existed by which such change could have been prevented long before any measures were taken to order the work to be done for which such assessment was to be laid. The case suggested by the counsel on the argument, of irregularity in the opening or widening of a street, shows more forcibly the impropriety of connecting the original improvement with the subsequent ordinances for grading or paving it. The opening has nothing to do with the proceedings to regulate or grade, and yet the irregularity in opening would be as good a ground for setting aside an assessment for paving, as the irregularity in the change of the grade would be sufficient to vacate an assessment for paving after such grade had been changed.

The title of the act shows the intent of the legislature to have been to confine it to the proceedings by which the assessment was immediately ordered.

It was urged on behalf of the petitioner that if the

original change of grade was void, the subsequent pro-
ceedings to pave the streets according to it was illegal, and
therefore came within the provisions of the statute.    I
am at a loss to see on what ground the change of grades
can be declared void.   The common council had authority
to make such change, but were directed before doing so
to have the written consent of a portion of the owners.
If they acted without consent, they might have been
restrained from carrying out such change, or perhaps those
who were injured might have an action for damages
therefor; but after they have permitted such change to
be made and completed without objection, it is too late
to allege the whole proceeding to be irregular.   If they
can resort to such an irregularity in the original proceed-
ing for changing the grade to relieve them from the expense
of paving, the objection will continue through all time,
whenever it shall become necessary to repair the side-
walks, or curb, or do any work on the street which could
be the subject of an assessment.   Such never could have
been the intent of the statute.

The proper construction of it must be limited to the
resolution and providing for doing the work to be paid for
by the assessment, the laying of the assessment, and the
proceedings to collect the same, and cannot be extended
to previous matters which did not render an assessment
necessary and were not immediately connected therewith.

If the common council should pass a law or order an
improvement for which they had no authority, and the
whole proceeding was absolutely void and without juris-
diction, all subsequent legislation founded on such void
act, must also be irregular and void.   In such a case I sup-
pose this act may be resorted to for relief against any
assessment so imposed, on the ground of irregularity in
ordering the work to be done ; but a mere irregularity in
such previous proceeding cannot be resorted to, when the
subsequent proceedings are without any other objection.

If the petitioner desires to be heard on the question, whether the resolution to change the grade is absolutely void, he can give a notice therefor. If not so noticed, the application is denied.